

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,807-01

### EX PARTE JUSTIN TODD VALDEZ, Applicant

## ON APPLICATION FOR AN ORIGINAL WRIT OF HABEAS CORPUS CRIMINAL ACTION NO. 41070 IN THE COUNTY COURT AT LAW CALDWELL COUNTY

**JOHNSON, J., filed a dissenting opinion.**

## DISSENTING OPINION

Today, this Court decides that the servant may dictate to the master how the master's authority shall be invoked. I conclude that neither the statutes nor the state constitution permit such an interpretation and that prior cases cited to support such an interpretation were wrongly decided.

The Court's opinion correctly notes that Article V of the Texas Constitution "confers power on this Court to issue writs of habeas corpus '[s]ubject to such regulations as may be prescribed by law.'" It then cites to Article 11.05 of the Texas Code of Criminal Procedure as the source of the authority of various courts to issue the writ of habeas corpus as may be prescribed by law. However, it skips over Article 11.01, "What Writ Is."

> The writ of habeas corpus is the remedy to be used when any person is restrained in his liberty. It is an order issued by a court or judge of competent jurisdiction, directed to any one having a person in his custody, or under his restraint, commanding him to produce such person, at a time and place named in the writ, and show why he is held in custody or under restraint.

This is close to the common-law writ of habeas corpus, "that you shall have the body." It was available to test the legality of the restraint, to challenge jurisdiction, or assert the right to bail.

> The writ of habeas corpus, by which the legal authority under which a person may be detained can be challenged, is of immemorial antiquity. After a checkered career in which it was involved in the struggles between the common-law courts and the Courts of Chancery and the Star Chamber, as well as in the conflicts between Parliament and the crown, the protection of the writ was firmly written into English law by the Habeas Corpus Act of 1679. Today it is said to be "perhaps the most important writ known to the constitutional law of England . . .."

> Charles Alan Wright, *The Law of Federal Courts*, 53, at 350 (5th ed. 1994) (quoting *Secretary of State for Home Affairs v. O'Brien*, [1923] A.C. 603, 609).

The writ, "as may be prescribed by law," applies to an assertion of illegal restraint. It is in that context that the prescribing law grants authority to the district courts and county courts. But our law chooses the specific over the general,[1] and clearly, the procedures "prescribed by law" for a challenge from a felony conviction found in Article 11.07 are more specific: "Sec. 1. This article establishes the procedures for an application for writ of habeas corpus in which the applicant seeks relief from a felony judgment imposing a penalty other than death." Article 11.071 states emphatically that it controls procedures in death-penalty cases: "Sec. 1. Notwithstanding any other provision of this chapter, this article establishes the procedures for an application for a writ of habeas corpus in which the applicant seeks relief from a judgment imposing a penalty of death." As Judge Richardson points out, Article 11.072 sets out the procedures for a writ filed by a person who is on

---

[1] *See, e.g., State v. Wachtendorf,* 475 S.W.3d 895, 900 (Tex. Crim. App. 2015).

community supervision, and Articles 11.08 and 11.09 specify where writ applications should be filed. Both of those articles contain language that make Article 11.05 writs applicable only before conviction; Article 11.08 states, "If a person is confined after indictment on a charge of felony . . .," while Article 11.09 states, "If a person is confined on a charge of misdemeanor . . .." Final convictions in misdemeanor cases have no specific procedures and thus seem to be left to the general statutes.

Article 11.06 is also within the context of Article 11.01, and it imposes a second limit on the authority of trial courts to grant an out-of-time petition: "Before indictment found, the writ may be made returnable to any county in the State." This case is far beyond "before indictment found," so I conclude that the writ described in Article 11.01 is no longer "returnable to any county in the State." After an indictment or information is filed, Articles 11.08 and 11.09 control to which county a writ is returnable.

Nowhere in any of these statutes do I find any indication that the legislature intended the trial courts, of any description, to have the authority to grant relief on a writ of habeas corpus that seeks relief from administrative rules and regulations. In this case, applicant seeks to be allowed to file an untimely petition for discretionary review, even though the Rules of Appellate Procedure do not allow him to do so. The Rules applicable here are not "regulations . . . prescribed by law"; they are rules, which this Court has written as a means by which to manage its docket. Management of this Court's docket should not be ceded to trial courts.

Statutory interpretation aside, I find it very curious that the Court's opinion authorizes a trial court to tell this Court what to do in regard to management of this Court's docket. A trial court can certainly recommend to this Court that we grant or deny a request for relief, and every year we

review thousands of applications for a writ of habeas corpus in which the trial court has made such a recommendation, including hundreds in which the relief requested is an out-of-time filing. We do well to consider a recommendation from the person who heard the testimony and was in a position to make judgments about credibility. Still, the authority to make a decision lies with this Court and no other.

The Court's opinion concedes that the trial judge's order to this Court to permit an untimely filing "does not, in fact order us to do anything." We can ignore it. So why are we holding that the trial court can, and presumably should, perform a futile act–an act we all know axiomatically that the law does not require? The Court's opinion brushes this question aside by asserting that such an order "merely resets the applicable appellate time table." But such a holding still permits the trial court to dictate to this Court what time limits, set out in the Texas Rules of Appellate Procedure, this Court will observe. Presumably, we can ignore the "reset" appellate time-table, too. If the orders of trial courts can be so easily ignored, why is this Court telling them that they have authority to order this Court to do an act that this Court can, with impunity, refuse to do? Such reasoning strains the definition of logic. I would find that the trial courts may issue and grant writs of habeas corpus that are created and governed by statute, but they may not do so if the cause is created and governed by rule. Because the Court's holding permits the trial court to interfere with the management of this Court's docket, I respectfully dissent.

Filed: May 4, 2016
Publish